

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00011-CR

**RONNIE JOE DANIEL,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 07-02135-CRF-85

## MEMORANDUM OPINION

Ronnie Joe Daniel was convicted of the offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 21.011(a)(2)(C) (Vernon Supp. 2008). He was sentenced to life in prison. Because we have no jurisdiction to consider the merits of this appeal, it is dismissed.

Judgment against Daniel was pronounced in open court on September 24, 2008. A motion for new trial was timely filed on October 8, 2008. Daniel's notice of appeal was due December 23, 2008. TEX. R. APP. P. 26.2(a)(2). It was not filed until January 5, 2009, thirteen days late.

By letter, the Clerk of this Court notified Daniel that his appeal was subject to dismissal for want of jurisdiction because it appeared the notice of appeal was untimely. Daniel was also warned that the Court may dismiss this appeal unless, within 21 days of the date of this letter, a response was filed showing grounds for continuing the appeal.

Daniel responded by presenting a motion for extension of time to file his notice of appeal, which was filed on January 26, 2009, explaining that the notice of appeal was not timely filed because Daniel's counsel "is a solo practitioner with an extremely heavy caseload." We may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court *and* files a motion for extension of time, complying with Rule 10.5(b), in this Court. TEX. R. APP. P. 10.5(b); 26.3 (emphasis added). Daniel's notice of appeal was filed in the trial court within the 15-day deadline for filing the notice of appeal, but his motion for extension of time was not filed until 34 days after the deadline for filing the notice of appeal.

An untimely filed motion for extension of time to file a notice of appeal is not merely procedural irregularity; it is a jurisdictional defect. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is filed within the 15-day deadline but no timely motion for extension of time is filed, the appellate court lacks jurisdiction to consider the appeal in any manner other than by dismissing it. *Id*. at 522, 523.

Accordingly, because both the notice of appeal and the motion for extension of time to file the notice of appeal were not filed within the 15-day deadline, we have no jurisdiction of this appeal. Daniel's motion for extension of time is dismissed as untimely, and the appeal is, therefore, also dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Motion dismissed
Appeal dismissed
Opinion delivered and filed February 25, 2009
Do not publish
[CRPM]